**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 23 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN GALVEZ FLORES, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, United States Attorney General, <br><br> Respondent. | No. 23-3063 <br><br> Agency No. <br> A206-149-284 <br><br> MEMORANDUM* |

On Petition for Review of an Order of
the Board of Immigration Appeals

Submitted June 18, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Juan Galvez Flores, a native and citizen of El Salvador, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal of

an Immigration Judge's ("IJ") order (collectively "agency"). The agency denied his

applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part and deny it in part.

1.       We lack jurisdiction to review the agency's determination that Galvez Flores failed to establish an exception to the one-year filing deadline for his asylum application. *See Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013) (citing *Gasparyan v. Holder*, 707 F.3d 1130, 1133–34 (9th Cir. 2013)); 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). There is no dispute that Galvez Flores's asylum application is untimely. Galvez Flores argues that he qualifies for an exception to the filing deadline because he faced "extreme isolation within a community, profound language barriers, or profound difficulties in cultural acclimatization." *See Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011) (explaining that an applicant must file an asylum application within one year after arriving in the United States unless he "establishes (1) changed circumstances that materially affect [his] eligibility for asylum or (2) extraordinary circumstances directly related to the delay in filing an application").

But the agency found that Galvez Flores's argument was unsupported by the record because Galvez Flores spoke Spanish, a common language in the United States, and testified that he missed the deadline because he was unaware of the requirements. Because the agency's finding hinges on its "resolution of an underlying factual dispute," and Galvez Flores fails to raise a colorable legal or

2       23-3063

constitutional claim, we lack jurisdiction to review this issue. *See Sumolang*, 723 F.3d at 1082; *see also Gasparyan*, 707 F.3d at 1134. We thus dismiss this part of the petition for lack of jurisdiction.

2. Even under a liberal construction, Galvez Flores's *pro se* opening brief fails to "specifically and distinctly" address or challenge the agency's denial of his claims for withholding of removal and CAT relief. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (quotation omitted). Galvez Flores has thus forfeited those claims.

The petition is **DISMISSED in part and DENIED in part.**